# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI,<br>Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 19-CV-3003 |
| TINDER, INC., *et al.*,<br>Defendants. | : <br> : | |

FILED
JUL 18 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**TUCKER, J.**                                                                                                                                               JULY 16, 2019

Plaintiff Amro Elansari, a litigant who is representing himself (proceeding *pro se*) filed this purported class action against Tinder, based on allegations of fraud. He also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.

## I. FACTS

Elansari's Complaint is brief. He alleges that Tinder, the dating application, "sends you notifications saying 7 people like you subscribe [for] $15 to see who to find out." (Compl. ECF No. 2 at 6.)[1] However, Elansari suggests that the notifications are "all fake 3000 miles away." (*Id.*) He indicates that the events giving rise to his claims occurred in January through July of 2018 and in April and May of 2019. Elansari seeks relief in the amount of $15 per month and punitive damages for each class member.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing sytem.

1

## II. STANDARD OF REVIEW

The Court will grant Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Elansari's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands Elansari to be bringing this case pursuant to the Class Action Fairness Act ("CAFA").[2] However, "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654. Accordingly, Elansari, a *pro se* litigant who is not an attorney, may not proceed with this case as

---

[2] CAFA gives federal district courts jurisdiction over class actions in which: (1) the aggregate amount in controversy exceeds $5 million; (2) there are at least 100 members in the putative class; and (3) there is minimal diversity between the parties. 28 U.S.C. § 1332(d).

2

a class action because he may not represent the interests of other litigants. *See Sinclair v. Citi Mortg., Inc.*, 519 F. App'x 737, 739 (3d Cir. 2013) (per curiam) ("[T]he District Court properly declined to treat the Sinclairs' case as a class action, as 'one pro se litigant cannot represent another[.]'" (quoting *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008)); *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006) (per curiam) ("[A] *pro se* litigant may not represent the interest of a class in a class action lawsuit."); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4 Cir. 1975) ("[I]t is plain error to permit [a] litigant who is unassisted by counsel to represent his fellow [plaintiffs] in a class action.").

To the extent Elansari brings a fraud claim against Tinder in his own right under Pennsylvania law, he has not established a basis for subject matter jurisdiction over that claim. The only independent basis for jurisdiction over such a claim is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).

Punitive damages "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted).

Elansari alleges that he is a citizen of Pennsylvania and that Tinder is a citizen of Texas, which indicates that the parties are completely diverse. However, the amount in controversy requirement is not met. Liberally construing the Complaint, the Court understands Elansari to be claiming that he subscribed to Tinder during the months of January through July of 2018, and April through May of 2019. At a rate of $15 per month, Elansari's damages for those nine months would be $135. Even if Elansari were entitled to an award of punitive damages, it is clear to a legal certainty that the amount in controversy does not exceed the jurisdictional threshold.[3] Accordingly, there is no basis for subject matter jurisdiction over Elansari's fraud claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice. He will not be given leave to file an

---

[3] Under Pennsylvania law, punitive damages do not have to be "proportional" to the compensatory damages. *See Moss v. Aaron's, Inc.*, 140 F. Supp. 3d 441, 449 (E.D. Pa. 2015) ("When punitive damages are awarded along with compensatory damages, the punitive damages need not be proportional to the compensatory damages.") (citing *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803–04 (Pa. 1989)). However, "[w]hile States possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416–17 (2003) (citations omitted). While there is no "bright-line ratio" for courts to apply, "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* at 425 (explaining that, historically, double, treble, or quadruple damages have been used to deter and punish) (citation omitted). To exceed the jurisdictional threshold, Elansari would be required to recover $74,865.01 in punitive damages, which would result in a ratio of 554:1.

4

amended complaint, because he cannot cure the defects discussed in this Memorandum. However, Elansari may refile his claims against Tinder in state court. Additionally, if Elansari retains counsel, he may refile his class action through counsel in this Court by filing a new case. An appropriate Order follows.

**BY THE COURT:**

*/s/ Petrese B. Tucker*
**PETRESE B. TUCKER, J.**
